UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CALVIN GERALD MOKROS, | 4:15-CV-04091-RAL |
| Petitioner, | |
| vs. | OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS |
| ROBERT DOOLEY, Warden; and MARTY JACKLEY, Attorney General of the State of South Dakota, | |
| Respondents. | |

Petitioner, Calvin Gerald Mokros ("Mokros"), filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Mokros also moved for a hearing on his petition. Doc. 1-1 at 7; Doc. 11 at 4. Robert Dooley ("Dooley"), Warden of Mike Durfee State Prison, and Marty Jackley, Attorney General of the State of South Dakota (collectively "Respondents") moved to dismiss Mokros's petition, arguing that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA). Doc. 7. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that an evidentiary hearing is not warranted. For the reasons explained below, Respondents' motion to dismiss is granted because Mokros's petition is barred by AEDPA's one-year statute of limitations.

1

## I. PROCEDURAL BACKGROUND

On April 19, 2010, Mokros pleaded guilty to driving while under the influence of alcohol ("DUI") in violation of South Dakota Codified Laws ("SDCL") § 32-23-1 and admitted to a Part II DUI Fifth Offense Information.  Doc. 1-1 at 9.  Second Judicial Circuit Judge Peter H. Lieberman sentenced Mokros to ten years imprisonment, giving credit for forty-two days previously served with three years suspended, and ordered Mokros pay blood testing fees.  Doc. 1-1 at 9.  Judge Lieberman's Judgment and Sentence was signed and filed on May 17, 2010. Doc. 1-1 at 10.  Mokros did not file a direct appeal with the Supreme Court of South Dakota. Doc. 8 at 2.

More than four years later, Mokros filed a Petition for Writ of Habeas Corpus against Dooley in state court on May 28, 2014.  Doc. 8-2.  In that petition, Mokros alleged that Judge Lieberman did not advise him of his rights associated with the Part II Information and that his due process rights were violated when his admission to the Part II Information was improperly accepted.[1]  Doc. 8-2.  Dooley filed a motion to dismiss the petition and on October 23, 2014, Second Judicial Circuit Judge Patricia C. Riepel held a hearing on the motion.  Doc. 8-3.  After reviewing the record and considering arguments from Mokros's and Dooley's counsel, Judge Riepel filed an order granting Dooley's motion to dismiss on November 14, 2014.[2]  Doc. 8-3. Thereafter, on December 22, 2014, Mokros moved for a certificate for probable cause to appeal Judge Riepel's dismissal.  Doc. 8-4.  Judge Riepel denied the motion, finding no reason to

---

[1] The record does not contain Mokros's entire state habeas petition.  See Docs. 8-2, 8-6.  Thus, Mokros may have alleged grounds additional to those stated above.

[2] The precise reasoning for Judge Riepel's denial is unclear in the record because the order dismissing Mokros's state habeas petition incorporated "oral findings and conclusions [made] at the October 23, 2014 hearing."  Doc. 8-3.

change prior findings, and an order was filed that same day.[3]  Doc. 8-5.  Mokros then filed a

motion for certificate of probable cause with the Supreme Court of South Dakota on January 15,

2015.  Doc. 8-6.  Chief Justice David Gilbertson dismissed Mokros's motion on January 21,

2015 because it was untimely filed under SDCL § 21-27-18.1.  Doc. 8-7.

Mokros then filed a habeas petition with this Court on May 15, 2015.  Doc. 1.  Mokros

alleges that he was denied a fair trial, that his due process rights were violated, that he was not

adequately provided the Part II Information before entering his admission, that Judge Lieberman

wrongly advocated for the state prosecutor by failing to provide a hearing on the Part II

Information, and that the state court lacked jurisdiction to sentence him on a felony.  Doc. 1 at 5–

6.  After screening, this Court directed service of all pleadings on Respondents.  Doc. 5.

Respondents thereafter filed a motion to dismiss and a supporting brief, requesting dismissal of

Mokros's habeas petition as not properly filed within AEDPA's applicable one-year limitation

period.  Docs. 7, 8.  Mokros responded and opposed the motion.  Docs. 10, 11.

## II. DISCUSSION

### A. Statute of Limitations

A person in custody pursuant to a state court judgment may petition a federal district

court for a writ of habeas corpus on the ground that he or she is in custody in violation of the

United States Constitution or federal law.  28 U.S.C. § 2254.  Mokros's petition was filed after

the enactment of AEDPA, and therefore AEDPA applies to this petition.  Doc. 1; Ryan v. Clarke,

387 F.3d 785, 789 (8th Cir. 2004).  Under AEDPA, a petition for writ of habeas corpus  must be

filed within one year, which, absent circumstances not present in this case, begins to run from:

---

[3] The date of filing—December 22, 2014—will be used in AEDPA calculation because under
South Dakota law, an appeal from a judgment "must be taken within thirty days after the
judgment is signed, attested, *and filed*."  SDCL § 23A–32–15 (emphasis added).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1)(A), (D).

The statute of limitations on Mokros's claims began to run under § 2244(d)(1)(A) when his state judgment became final because § 2244(d)(1)(D) does not apply to any of Mokros's claims. Under the section titled "Exhaustion of state court remedies" in Mokros's habeas petition, Mokros appears to invoke § 2244(d)(1)(D) by tersely stating, without detail, that "the factual predicate of my claim was discovered on and after February 6, 2015, to which Jurisdictional issues are not barred by time limits and can be raised at any time and in any court." Doc. 1 at 5. The factual predicates for Mokros's claims, however, were apparent at the time he entered his admission and guilty plea, and he needed no additional time to uncover the factual predicates for those claims. Additionally, there is little merit to Mokros's allegation that the factual predicate of his claim was discovered "on and after February 6, 2015" because Mokros filed his state habeas petition on May 28, 2014, which challenged at least one of the same claims presented in his federal habeas petition. Doc. 8-2. Thus, § 2244(d)(1)(A), and not § 2244(d)(1)(D), governs the application of the one-year statute of limitations to Mokros's claims. See Manning v. Epps, 688 F.3d 177, 189–90 (5th Cir. 2012).

Mokros's judgment of conviction was signed and filed on May 17, 2010. Doc. 1-1 at 10. Mokros then had thirty days, or until close of business on June 16, 2010, to file a direct appeal. SDCL § 23A–32–15 ("An appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed."); id. § 15–6–6(a) (noting procedure to compute time). Mokros chose not to file a direct appeal. Thus, the state judgment became final on June 16, 2010, and the one-year statute of limitations began to run on June 17, 2010. Gonzalez v. Thaler,

4

132 S. Ct. 641, 646, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); see also Fed. R. Civ. P. 6(a)(1)(A) (providing exclusion of "the day of the event that triggers the [time] period"); Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (noting Federal Rule of Civil Procedure 6(a) "governs the calculation of AEDPA time limits"). Thus, AEDPA's statute of limitations, in the absence of tolling, expired on June 17, 2011.[4] Because Mokros did not file his federal habeas petition until May 15, 2015, his petition is time-barred unless he is entitled to statutory or equitable tolling.

### B. Tolling

#### 1. AEDPA Tolling

Under AEDPA, "[t]he one-year statute of limitations is tolled in accordance with § 2244(d)(2) while a 'properly filed application for State post-conviction or other collateral review . . . is pending.'" McMullan v. Roper, 599 F.3d 849, 852 (8th Cir. 2010) (quoting Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002)). "To qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitation under § 2244(d)(2), the application must be 'in compliance with the applicable laws and rules governing filings.'" Id. at 853 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "A properly filed application is one that meets all of the state's procedural requirements." Id. (quoting Beery v. Ault, 312 F.3d 948, 950–51 (8th Cir. 2002)). "Collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process. Wall v. Kholi, 562 U.S. 545, 551–53, 556 (2011) (finding motion to reduce

---

[4] Respondents assert that the one-year statute of limitations in Mokros's case "ran no later than June 16, 2011." Doc. 8 at 4. Accounting for the exclusion "of the day of the event that triggers the [time] period" as provided by Rule 6(a)(1) of the Federal Rules of Civil Procedure, however, the expiration date is June 17, 2011. Fed. R. Civ. P. 6(a)(1).

sentence under Rhode Island law triggered tolling).   However, "[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations." McMullan, 599 F.3d at 852.  Similarly, the time from when a state post-conviction challenge is final and when a federal habeas petition is filed does not result in tolling.  Duncan v. Walker, 533 U.S. 167, 181–82 (2001) (holding federal habeas review is not within the meaning of § 2244(d)(2)); see also Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005).

In this case, the one-year statute of limitations began to run on June 17, 2010, as stated above, and continued to run for almost four years until Mokros filed his state habeas petition on May 28, 2014.  McMullan, 599 F.3d at 852.  The maximum time period of tolling caused by Mokros filing his state habeas petition and later collateral review was the period from May 28, 2014 to January 12, 2015.[5]  The statute of limitations would resume to run on January 13, 2015

_____

[5] This Court analyzed each of the three state filings to determine whether tolling was warranted under § 2244(d)(2).  This footnote contains a summary of that determination for each state filing. First, because South Dakota law is not clear as to whether Mokros's state habeas petition was properly filed under the state's statute of limitations, this Court viewed the ambiguity in Mokros's favor and considered his state habeas petition as properly filed and entitled to statutory tolling.  The ambiguity was created when South Dakota revised its habeas corpus statutes.  Prior to its repeal on March 1, 2012, SDCL § 21-27-3.2 created a rebuttable presumption "that the state or the applicant's custodian has been prejudiced if the application is filed more than five years after signing, attestation and filing of the judgment or order under which the applicant is held."  SDCL § 21-27-3.2, repealed by Act of Mar. 1, 2012, 2012 SL ch. 118, § 2 (revising habeas corpus statutes); Davis v. Weber, 2013 SD 88, ¶ 10, 841 N.W.2d 244, 246–47 (quoting SDCL § 21-27-3.2).  The repeal of SDCL § 21-27-3.2 was simultaneously replaced with SDCL § 21-27-3.3, which applied a two-year statute of limitation to habeas petitions in state court. SDCL § 21-27-3.3.  Section 21-27-3.3 provides that the two-year statute of limitations would begin, absent circumstances not present in this case, from "[t]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  SDCL § 21-27-3.3.  South Dakota statutes and case law do not clearly address whether § 21-27-3.2 or § 21-27-3.3 applies in Mokros's case.  Compare Engesser v. Young, 2014 SD 81, ¶¶ 18, 39, 856 N.W.2d 471, 477, 484 (affirming order for new trial upon habeas filing and noting that trial court applied habeas statutes in effect at the time of filing the petition, rather than the statutes in effect at the time of conviction), with Doc. 11-1 at 5 (Attorney General of South

and would accumulate an additional 123 days, or until May 15, 2015, the day Mokros filed his federal habeas petition. Because prior to his state filings over four years had run on Mokros's time to file a federal petition, Mokros's petition was filed well outside the one-year time limitation.

---

Dakota's Appellee Brief in a case currently before the South Dakota Supreme Court, Hughbanks v. Dooley, No. 27346, noting Engesser "appears to support" an argument that SDCL § 21-27-3.3 "resets the statute of limitations at two years from the date of enactment"). Absent a clear holding from the state court, and coupled with the fact that Judge Riepel made oral conclusions and findings not present in her order that is in the record—such as whether Mokros's petition was dismissed as untimely—this Court is treating Mokros's state habeas action as a properly filed application under South Dakota law. See Doc. 8-3.

Second, Mokros's motion for certificate of probable cause filed in circuit court will be afforded statutory tolling for purposes of this calculation in spite of its untimely filing under SDCL § 21-27-18.1. SDCL § 21-27-18.1. According to section 21-27-18.1, a motion for certificate of probable cause may be filed before a circuit court judge or a justice of the South Dakota Supreme Court, but such motion "shall be filed within thirty days from the date the final judgment or order is entered." Id. The dismissal of Mokros's state habeas petition was filed on November 14, 2014, giving him until the close of business of December 15, 2014 to file a motion for certificate of probable cause. Doc. 8-3; SDCL § 15-6-6(a) (providing that when the last day of the period in which an action must be taken is a Sunday, the period runs until the end of the next business day). However, Judge Riepel did not dismiss Mokros's motion for certificate of probable cause as untimely filed under SDCL § 21-27-18.1; rather, Judge Riepel denied the motion because there was no reason to change the previous ruling. Doc. 8-5. Thus, despite the untimeliness stated above, this Court has afforded statutory tolling to Mokros's motion for certificate of probable case in the state circuit court as a properly filed application under South Dakota law.

Third, Mokros is not entitled to statutory tolling for his second motion for certificate of probable cause that was filed on January 15, 2015 with the South Dakota Supreme Court. McMullan, 599 F.3d at 853 ("A properly filed application is one that meets all of the state's procedural requirements." (quoting Beery, 312 F.3d at 950–51)). Chief Justice Gilbertson dismissed Mokros's motion as untimely filed under SDCL § 21-27-18.1. Doc. 8-7; SDCL § 21-27-18.1 (providing that a second, separate motion for certificate of probable cause must be filed "within twenty days of the entry of the circuit judge's refusal," or in Mokros's case, by January 12, 2015). Therefore, Mokros's tolling period—accounting for tolling associated with the state habeas petition and circuit court motion for certificate of probable cause but not for the certificate of probable cause filed with the state supreme court—runs through January 12, 2015, the time Mokros had to appeal Judge Riepel's denial of motion for certificate of probable cause under SDCL § 21-27-18.1.

7

### 2. Equitable Tolling

Mokros is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Equitable tolling is an extraordinary remedy. See id.; see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" Muhammad, 735 F.3d at 816 (quoting Holland, 560 U.S. at 653).

Mokros does not specifically argue that the statute of limitations should be equitably tolled. Mokros maintains, however, that his habeas petition should not be barred because he was unaware of the statute of limitations and that he is not legally trained. Doc. 1 at 5; Doc. 1-1 at 6–7. Mokros, however, is "not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003); see also Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (quotation omitted) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."). Moreover, the United States Court of Appeals for the Eighth Circuit Court stated that generally, "a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances." Johnson v. Hobbs, 678 F.3d 607, 611 (8th Cir. 2012) (citing Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that pro se petitioner's "misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling")); see also Harvey v. Jones, 179 F.

8

App'x 294, 299-300 (6th Cir. 2006) (stating that reasonable mistakes of law and prisoner's lack of legal training and education are not sufficient to warrant equitable tolling).   Accordingly, Mokros is not entitled to equitable tolling because he has not made a sufficient showing of diligence or that some extraordinary circumstance stood in his way to prevent a timely filing. Thus, his federal habeas petition is barred from review.

## C. Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability."  R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11.  If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting Slack in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Mokros's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist

could that find Mokros's case is timely filed.  See Slack, 529 U.S. at 484; Khaimov, 297 F.3d at 786.  Hence, no certificate of appealability will be issued.

## III. CONCLUSION

Therefore, it is hereby

ORDERED that Respondents' Motion to Dismiss, Doc. 7, is granted.  It is further

ORDERED that Mokros's Motion to Amend Proceedings on Grounds of Juridical Misconduct as Applied, Doc. 11, which includes a request for evidentiary hearing and appointment of counsel, Doc. 11 at 4, are denied as moot.  It is finally

ORDERED that no certificate of appealability shall issue.

DATED this **17ᵗʰ** day of February, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

10